## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **JOSEPH COLLINS, III** | ) | From the Chancery Court |
| | ) | for Lake County, Tennessee |
| **Plaintiff/Appellant,** | ) | The Honorable Joe G. Riley, Jr., Judge |
| **vs.** | ) | |
| | ) | Lake County Chancery No. 3807 |
| **HELENE LAROSE CLEGG,** | ) | Appeal No. 02A01-9502-CH-00028 |
| | ) | |
| | ) | **AFFIRMED** |
| | ) | |
| **Defendant/Appellee.** | ) | Joseph Collins, III |
| | ) | Ridgely, Tennessee |
| | ) | Pro Se |
| | ) | |
| | ) | John Vaughn |
| | ) | Tiptonville, Tennessee |
| | ) | Attorney for Defendant/Appellee |

FILED

October 3, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

_____RULE 10 ORDER AND OPINION

This matter appears appropriate for consideration pursuant to Rule 10(a) of the Rules of the

Court of Appeals of Tennessee.[1]

The facts in this case are well summarized in the Memorandum Opinion by the Honorable

Joe G. Riley:

> The mother and father lived together in Michigan for approximately fifteen
> (15) years but were never married. They had a daughter, Cnanah, now seven (7)
> years of age.
>
> The father moved from Michigan to Tennessee in February 1993. The mother
> and daughter stayed in Michigan. The mother and daughter visited the father in
> Tennessee around May 1993. The daughter remained with the father after that visit
> and finished the school year in Tennessee.
>
> Both parents are gainfully employed. The mother has been employed at a
> mortgage company for seven (7) years and makes approximately $1,700 per month.

---

[1]Rule 10 (Rules of the Court of Appeals of Tennessee).
(a) **Affirmance Without Opinion.** The Court, with the concurrence of all judges participating
in the case, may affirm the action of the trial court by order without rendering a formal opinion
when an opinion would have no precedential value and one or more of the following
circumstances exist and are dispositive of the appeal:
    (1) the Court concurs in the facts as found or as found by necessary implication by the
trial court.
    (2) there is material evidence to support the verdict of the jury.
    (3) no reversible error of law appears.
    Such cases may be affirmed as follows: "Affirmed in accordance with Court of Appeals
Rule 10(a)."

On June 2, 1993, the father filed a petition for custody giving notice of a June 15th hearing date. The mother was served with this process in Michigan on June 14th. At the mother's request father's counsel agreed to a continuance until July 6th.

Just prior to July 6th the mother came to Tennessee. On July 6th the mother was without counsel and was in significant distress. In the office of the father's counsel the mother agreed to joint custody with primary physical custody being with the father. She was very upset and crying. She immediately appeared in court and advised the Court that she was agreeable to entry of this order.

The father and the child went to Michigan in August 1993. The parents got into a violent argument. The mother was assaulted by the father and had much of her property destroyed. The father was arrested.

The mother filed a custody proceeding in Michigan. Michigan dismissed her petition for lack of jurisdiction. The mother also sought relief in federal court under the Parental Kidnapping Prevention Act. The Federal District Court of the Eastern District of Michigan dismissed her action for lack of jurisdiction.

On November 3, 1993, the mother filed her Motion to Modify Child Custody in this Court. In order to resolve this litigation in Tennessee she has taken leave from her employment and has been staying in a shelter in this state. It is her intention to return to Michigan to her stable employment upon termination of these proceedings.

Mem. Op. at 1-2.

The trial judge noted that the Michigan courts had apparently deferred to Tennessee, and therefore the trial court assumed jurisdiction over this matter. The trial court observed that this was the first occasion in which the best interest of the minor child was addressed because the mother apparently agreed to the original custody order under pressure and without counsel. After considering the evidence presented at the hearing, the trial court concluded that it would be in the best interest of the child for the mother and father to have joint custody with primary physical custody with the mother and appropriate visitation with the father.

The standard of review of the trial court's order is *de novo* upon the record, accompanied by a presumption of correctness of the finding, unless the preponderance of evidence is otherwise. *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984); *Musselman v. Acuff*, 826 S.W.2d 920, 922 (Tenn. App. 1991). The paramount consideration, of course, remains the best interest of the child. *Musselman,* 826 S.W.2d at 922; *Bah v. Bah*, 668 S.W.2d 663, 665 (Tenn. App. 1983).

Although this is a review of a proceeding to modify child custody, we note that the judgment below was the first time that a court had addressed the best interest of the parties' minor child in this cause. From our examination of the record, the evidence clearly preponderates in favor of the trial court's order awarding joint custody to the mother and father with primary physical custody to the mother. Therefore, we concur in the facts as found by the trial court and no reversible error of law

2

appears.

Affirmed in accordance with Court of Appeals Rule 10(a). Costs are taxed to the Appellant, for which execution may issue, if necessary.

3

**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**ALAN E. HIGHERS, J.**